**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:  __10/29/2020__

October 26, 2020

<u>VIA ECF</u>

The Honorable John P. Cronan
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Re:   <u>Aenergy, S.A. et al. v. Republic of Angola et al. & General Electric Company et al., 1:20-<br>cv-03569 (JPC)</u>

Dear Judge Cronan:

We respectfully submit this letter on behalf of General Electric Company, General Electric International, Inc., and GE Capital EFS Financing, Inc. (the "GE Defendants"), pursuant to Rule 5C of Your Honor's Individual Practices in Civil Cases, to request a stay of discovery pending resolution of the GE Defendants' motion to dismiss.  The parties met and conferred and have been unable to reach agreement.  The GE Defendants request a conference at the Court's convenience.

This action concerns an Angolan dispute regarding the termination of contracts between an Angolan company, Plaintiff Aenergy S.A. ("AE"), and the Angolan government to build and operate power plants in Angola.  AE contracted with GE Packaged Power, Inc.—a non-party—to purchase equipment, including turbines, for these plants in an agreement with an arbitration clause.  In 2019, Angola terminated its contracts with AE, which Plaintiffs allege constituted a breach of contract.  They further allege that "GE"—Plaintiffs' catch-all name for any company associated with General Electric, whether or not parties to this suit—caused this termination through alleged acts of misrepresentation in Angola.

On the same day Plaintiffs filed this suit, they also filed an arbitration in London against non-party GE Packaged Power for substantially the same claims and damages.  Plaintiffs also have filed an action to challenge the Angolan government's termination of the parties' contracts in the Supreme Court of Angola, which remains ongoing.   And, in November 2019, Plaintiff AE filed an application in *this* Court pursuant to 28 U.S.C. § 1782 to obtain discovery from "GE," and thereafter received thousands of documents.  *In re App. of Aenergy, S.A.*, 1:19-mc-00542-VEC (S.D.N.Y.).  AE represented to the Court that it was seeking discovery in the § 1782 action in aid of its Angola case, but upon receiving this discovery promptly used it to file the current action.  On September 18, 2020, the GE Defendants moved to dismiss or stay this classic case of forum shopping under *forum non conveniens*, under Section 3 of the Federal Arbitration Act ("FAA"),

GIBSON DUNN

The Honorable John P. Cronan
October 26, 2020
Page 2

for failure to state a claim, for lack of personal jurisdiction as to two of the GE Defendants, and because threshold issues will be resolved in already-ongoing proceedings in Angola.  (Dkt. 51.)

On September 30, Plaintiffs requested production of 20 broad categories of documents, many mirroring AE's requests to GE in the § 1782 action.  (Ex. A.)  Plaintiffs also served deposition notices for Elisee Sezan (CEO of Gas Power, Sub-Saharan Africa) and Raghuveer Kurada (Global Capital Advisory Leader at GE Capital Ltd.), to occur before Plaintiffs' November 2nd deadline to oppose the motions to dismiss.  (Exs. B, C.)  Plaintiffs recently advised that they intend to subpoena third parties for information, and that they seek both merits and jurisdictional discovery.

All of Plaintiffs' discovery requests are premature, inefficient, and should not be permitted at this stage.  It "is the general practice of district courts" to "impose[]" "a stay of discovery … while [a] motion to compel arbitration [is] pending before the Court."  *Intertec Contracting Turner Steiner Intern., S.A. v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, *7 (S.D.N.Y. July 18, 2001); *see also Ross v. Bank of Am., N.A. (USA)*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate.").  "If a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators," not the court.  *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 924 F.3d 849, 855 (7th Cir. 2002) (citing 9 U.S.C. § 7).  For this reason, a stay of discovery pending a decision about arbitration "conserv[es] the resources of the parties."  *Stiener v. Apple Comp., Inc.*, 2007 WL 4219388, *1 (N.D. Cal. Nov. 29, 2007); *cf. Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. 2007) ("[P]arties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration[.]")  Plaintiffs' claims against the GE Defendants are referable to arbitration under multiple agreements, either directly or through equitable estoppel.  (*See* Dkt. 51 at 31-41.)  Therefore, in accordance with the practice of this and other district courts, and to conserve the resources of the Court and the parties, we respectfully submit that all discovery in this action, including third party discovery, should be stayed pending resolution of the pending motion.  *See Josie-Delerme v. Am. Gen. Fin. Corp.*, 2009 WL 497609, at *1-2 (E.D.N.Y. Feb. 26, 2009) (staying all discovery where "defendants have substantial arguments" on motion to dismiss, including based on arbitration agreement).

In addition, a motion to dismiss "may constitute 'good cause' for a protective order staying discovery."  *Id.*  Considerations include "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion."  *Brooks v. Macy's, Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2020).  The GE Defendants have presented "substantial arguments for dismissal," *Spencer Trask Software and Info. Servs., LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368  (S.D.N.Y. 2002), even apart from the FAA arguments.  (Dkt. 51 at 14-31; 45-50.)  The burden of commencing open-ended merits discovery is significant, while the prejudice to Plaintiffs in a short stay is slight.  Plaintiffs themselves were willing to defer *all* merits discovery until after the Court's decision on the pending motions to dismiss if the parties reached agreement on

**GIBSON DUNN**

The Honorable John P. Cronan
October 26, 2020
Page 3

jurisdictional discovery, and the parties negotiated for several weeks under that premise.  Plaintiffs also agreed to stay all discovery against the Angola Defendants because they are immune from discovery under the Foreign Sovereign Immunities Act prior to a ruling on the immunity defense raised in their motion to dismiss (Dkt. 58).  *See EM Ltd. v. Repub. Of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007).  The most efficient course here clearly is to stay merits discovery as to all Defendants, not just some, until the Court has ruled on the pending motions to dismiss and decided whether any part of the case will even remain in this Court.

Finally, Plaintiffs' request for jurisdictional discovery should be rejected.  "A party seeking jurisdictional discovery . . . bears the burden of showing necessity."  *Molchatsky v. United* States, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011).  "[A] plaintiff may not make conclusory non-fact-specific jurisdictional allegations against foreign defendants and thus obtain extensive discovery on that issue."  *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 290 (S.D.N.Y. 2015).  Here, there is *no* allegation of *any* New York-related conduct by GE International, and the sole allegation for GE Capital is one wire transfer to GE Packaged Power using a bank account in New York. (Dkt. 51 at 41-44.)  This single allegation falls far short of making "a threshold showing that there is some basis for the assertion of jurisdiction."  *Daval Steel Prods, v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989).  Further, this case comes before the Court in a materially different posture than most cases in that, here, Plaintiffs took *abundant* discovery from General Electric Company and affiliates about the events at issue in this case in the § 1782 proceeding.  The GE entities produced 6,361 emails and other documents—totaling 65,317 pages—from 16 custodians.  The produced documents provided AE with extensive insight into the GE Defendants' involvement and actions, and the location of relevant witnesses and evidence, and yet even with all of that information, Plaintiffs were still unable to allege *any* credible basis for personal jurisdiction over two of the GE Defendants they named.  "Discovery need not be granted to allow [Plaintiffs] to engage in an unfounded fishing expedition for jurisdictional facts," particularly under these circumstances. *Vista Food Exch., Inv. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 313-15 (S.D.N.Y. 2015).  Further, the GE Defendants negotiated with Plaintiffs for weeks before this filing, to see if an agreement on limited jurisdictional discovery could be reached to resolve this dispute without need for court intervention.  But Plaintiffs proposed a list of overbroad deposition topics and document requests that were wholly untethered to issues of jurisdiction, making clear that their requests were both a fishing expedition and a back-door attempt at merits-related discovery.

The GE Defendants respectfully request that the Court enter an Order staying all discovery pending a ruling on their motion to dismiss—or, in the alternative, an opportunity to fully brief this issue.

# GIBSON DUNN

The Honorable John P. Cronan
October 26, 2020
Page 4

Sincerely,

/s/ Orin Snyder

Orin Snyder

Defendants General Electric Company's, General Electric International, Inc.'s, and GE Capital EFS Financing, Inc.'s (the "GE Defendants") request for a conference is GRANTED. All parties should be prepared to discuss the GE Defendants' request for a stay of discovery pending resolution of the GE Defendants' motion to dismiss at the initial pretrial conference scheduled for October 30, 2020 at 3:45 p.m.

SO ORDERED.

Date: October 29, 2020

　　　New York, New York

JOHN P. CRONAN
United States District Judge